UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERTA GAINER,

Plaintiff,

v.

**DECISION AND ORDER**
08-CV-00501S

UNITED AUTOMOBILE, AEROSPACE, AGRICULTURAL IMPLEMENT WORKERS (UAW), REGION 9 and GENERAL MOTORS DEPARTMENT of UAW,

Defendant.

## I. INTRODUCTION

Plaintiff Roberta Gainer, proceeding *pro se*, commenced this employment discrimination action by filing a Complaint in the United States District Court for the Western District of New York. (Docket No. 1.) Plaintiff subsequently filed an Amended Complaint, alleging Defendant United Automobile, Aerospace, Agricultural Implement Workers (UAW), Region 9, General Motors Department of UAW ("UAW") discriminated against her on the basis of race/color (African American) and sex (female), and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (hereinafter, "Title VII") and the New York State Human Rights Law, N.Y. EXEC. L. §§ 296 et seq. (hereinafter, "NYHRL").

Presently before this Court is Defendant's Motion to Dismiss the Amended Complaint.[1] (Docket No. 16.) Plaintiff opposes the motion.[2] For the reasons stated below,

[1] In support of its Motion to Dismiss, Defendant filed Memorandum of Law; Affidavit of Kevin Donovan, Affidavit of Scott Adams, and Reply Memorandum of Law.

[2] In opposition, Plaintiff filed a Memorandum of Law; with Exhibits.

Defendant's motion is granted in part and denied in part.

## II. BACKGROUND

### A. Facts

Plaintiff Roberta Gainer ("Plaintiff") is employed by General Motors. (Amended Compl. ¶ 19.) During the relevant time period, Plaintiff was a member of the UAW. (Docket No. 13 at 7.)

In 1999, Plaintiff was hired as a Special Assigned Internationally Appointed Representative ("Special Assigned") with the UAW. (Amended Compl. ¶ 19.) While Plaintiff worked as a Special Assigned, she applied for the position of UAW International Representative multiple times, but was consistently denied. (Id.)

### B. Procedural History

On July 18, 2007, Plaintiff filed a charge with the EEOC, alleging UAW failed to hire her for the position of International Representative, and that its unwritten policy for filling such positions discriminates against blacks and females. (Docket No. 13 at 7-9). The EEOC issued a Notice of Right to Sue on April 25, 2008, and Plaintiff commenced this action on July 7, 2008. (Id. at 10.) Thereafter, on March 13, 2009, Plaintiff filed a charge of retaliation alleging that UAW's Regional Director filled out a questionnaire about her in or before February 2009, and in February she was notified that she was being removed from her position as Special Assigned. (Id. at 13-14.) The EEOC issued a Notice of Right to Sue on March 26, 2009. (Id. at 25.)

Plaintiff filed an Amended Complaint on May 6, 2009. (Docket No. 13.) Defendant filed the instant Motion to Dismiss on October 13, 2009. (Docket No. 16.)

## III. DISCUSSION AND ANALYSIS

### A. Standard of Review

Defendant argues the Amended Complaint should be dismissed in its entirety for failure to state any claim upon which relief could be granted under Rule 12(b)(6).

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal pleading standards are generally not stringent. Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) (internal quotation marks and alteration omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). This is especially true when the Plaintiff is a *pro se* litigant. See Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994) (holding that where plaintiff is a *pro se* litigant, the court will read his supporting papers liberally and interpret them to "raise the strongest arguments they suggest.") However, legal conclusions are not afforded the same presumption of truthfulness. See Iqbal, ___ U.S. ___, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

The Court's responsibility on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally

sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2nd Cir. 1985). A court shall grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim[s] which would entitle her to relief." Gregory v. Daly, 243 F.3d 687, 691 (2nd Cir. 2002) (quoting Conley v. Gibson, 335 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In reaching its determination, a court's review must be limited to the complaint and documents attached or incorporated by reference thereto. See Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).

"[E]mployment discrimination claims need not contain specific facts establishing a *prima facie* case of discrimination." Gillman, 2009 WL 3003244 at *3. Rather, a plaintiff must allege facts which give fair notice of her claim and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Plaintiffs must allege facts making it at least plausible that their gender or complaints about unlawful discrimination were a motivating factor in their employer's adverse employment action. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-21 (2nd Cir. 2010) (explaining that Twombly and Iqbal did not impose a heightened pleading requirement in employment discrimination cases and a plaintiff must only plead specific facts to make the claim plausible.

**B. Timeliness**

Defendant argues Plaintiff's allegations occurring more than 300 days prior to the filing of her EEOC charge on July 17, 2007 are time-barred. (Def.'s Memo., p. 6.) Plaintiff alleges that although she did not file a formal charge of discrimination with the EEOC until July 17, 2007, she sent a "New Charge Questionnaire" to the agency on April 16, 2007,

which was within 300 days of the alleged discriminatory acts complained of. (Pl.'s Memo., pp. 13-14.)

To sustain a claim under Title VII, a plaintiff must file a timely charge with the EEOC or the equivalent state agency. Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). In a state such as New York, where state and local agencies have the authority to grant relief from unlawful employment practices, a discrimination claim must be filed with the state or local agency within 300 days after the alleged unlawful conduct. 42 U.S.C. § 2000e-5(e)(1); Forsyth v. Fed'n Emp't and Guidance Serv., 409 F.3d 565, 572 (2d Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)); see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982) ("filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling").

The time for filing a charge of employment discrimination begins when a "discrete act" occurs. Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, 127 S.Ct. 2162, 2165, 167 L.Ed.2d 982 (2007). The Supreme Court held that discrete acts of discrimination are deemed to have occurred on the date they happened. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Discrete acts generally are easy to identify and include such things as termination, failure to promote, denial of transfer, or refusal to hire. Id. at 114. Therefore, a party must file an EEOC charge within 300 days after the complained of act, or lose the ability to recover for it. Id. at 108. Discriminatory acts which are time barred may support a timely claim only as "background evidence." Id. at 113.

EEOC regulations permit plaintiffs to amend their charges "to cure technical difficulties or omissions" where such amendments "will relate back to the date the charge was first received." 29 C. F. R. § 1601.12(b). To be considered a "charge" within Title VII, the writing from the person making the charge must name the employer and generally describe the allegedly discriminatory acts. 29 C. F. R. § 1626.8(b). Although it is not imperative, a charge also "should contain" the full contact information for the employer and the individual filing the charge, and a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." Id. § 1626.8(a)(1-5). In addition, notice to the EEOC must be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery." Holowecki v. Federal Exp. Corp., 440 F.3d 558, 566 (2nd Cir. 2006) (citing Bihler v. Singer Co., 710 F.2d 96, 99 (3rd Cir. 1983)).

In her memorandum, Plaintiff states that she mailed a "New Charge Questionnaire" and 52-page attachment to the EEOC on April 16, 2007, which it received on April 17. (Pl.'s Memo., p. 13.) She further states that she contacted the EEOC on more than one occasion due to her concerns over the 300 day time limit. (Id. p. 14.) According to Plaintiff, she received the draft charge on or about June 8, 2007, made some minor changes, and mailed it July 17, 2007. (Id.) A copy of the charge filed on July 17, 2007 is attached to the Amended Complaint. The Amended Complaint does not include any allegations of, nor does it contain any attachments regarding the questionnaire.

As stated above, on a motion to dismiss, a court's review must be limited to the complaint and documents attached or incorporated by reference thereto. See Kramer, 937 F.2d at 773. Because there is no support for Plaintiff's argument in her Amended

Complaint, her alleged "New Charge Questionnaire" cannot be considered a "charge" with the EEOC and the "relation back" doctrine cannot be used to correct Plaintiff's untimely filing.

**C. Analysis**

**1. Failure to Hire**

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1); Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 2150, 156 L.Ed.2d 84 (2003). NYHRL claims are analyzed the same as claims brought under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1304 n.4 (2d Cir. 1995).

In her Amended Complaint, Plaintiff alleges that, while she was "employed by General Motors" as a Special Assigned Representative, she applied to the UAW for the position of International Representative. (Amended Compl. ¶ 19.) UAW concedes in its motion that it employs twenty-seven International Representatives. (Def.'s Memo., p. 2.) Plaintiff further alleges that although she is qualified for the position, she has consistently been rejected in favor of Caucasian applicants. (Amended Compl. ¶ 19.) She attributes the alleged discrimination to an unwritten policy of filling the positions with elected Presidents or Chairpersons of UAW Local Unions, which favors Caucasian males. (Pl.'s Memo., pp. 19-20.)

Defendant argues that Plaintiff was not qualified for an International Representative position because she lacked experience with collective bargaining and handling

grievances, and familiarity with the National Labor Relations Act. (Def.'s Memo., p. 13).

Whether Plaintiff held the qualifications necessary for the position is a fact-based inquiry. Such a decision cannot be rendered pursuant to a motion to dismiss. The Court finds that Plaintiff has sufficiently stated a cause of action for failure to hire under Title VII, such that Defendant is on notice of her claim and the grounds upon which it rests.

**2. Failure to Promote**

Plaintiff argues she was not promoted because of her race. (Pl.'s Motion, p. 7.) Defendant contends Plaintiff fails to state a claim for failure to promote because UAW was not her employer. (Def.'s Memo., p. 4.)

A claim for failure to promote relates to a current employer. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973) (to succeed on a claim for failure to promote, a plaintiff must allege: (1) she is a member of a protected class, (2) she applied and was qualified for the job for which the employer was seeking applicants, (3) she was rejected for the position, and (4) the position remained open and the employer continued to seek applicants). There is no allegation that UAW was Plaintiff's employer at any point in time. In addition, Plaintiff does not allege any facts regarding a promotion.

Accordingly, Plaintiff's claim for failure to promote is dismissed.

**3. Retaliation Claim**

Title VII prohibits employers and labor organizations from discriminating against an employee for making a charge, testifying, assisting, or participating in an investigation or proceeding. 42 U.S.C. §§ 2000e-3(a). To prevail on a Title VII retaliation claim against a Union, a plaintiff must establish a breach of duty of fair representation because of race, color, religion, sex, or national origin. Agosto v. Correctional Officers Benev. Ass'n, 107

F.Supp.2d 294, 30 (S.D.N.Y. 2000). To prevail on a Title VII retaliation claim against an employer, a plaintiff must show that (1) she participated in a protected activity, (2) her participation was known to the defendant, (3) she suffered an adverse employment action, and (4) a causal connection exists between the protected activity and the adverse employment action. Richardson, 180 F.3d at 443; Jones v. Smithkline Beecham Corp., 309 F.Supp.2d 33, 356 (N.D.N.Y. 2004).

Plaintiff alleges that UAW's Regional Director met with her to discuss a possible reduction in her Special Assigned position. (Pl.'s Memo., p. 6.) He is alleged to have stated that he was required to fill out a questionnaire about her, but did not know how to answer a particular question in light of the fact she was suing UAW. (Id.) The Regional Director further advised he would turn in the questionnaire at the UAW's Board Meeting in February 2009. (Id.) On February 10, 2009, Plaintiff was advised that her Special Assigned position was eliminated. (Id. at 7.) She was placed in a different job assignment with a 33% reduction in pay. (Amended Compl. ¶ 19.)

Plaintiff does not allege that the Union breached its duty of fair representation, but rather that the Union retaliated against her for filing a lawsuit by eliminating her position. As stated above, Plaintiff does not allege that she was an employee of UAW. Thus, she has not stated a cognizable claim for retaliation and Plaintiff's claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Plaintiff's failure to promote and retaliation claims and denied as to Plaintiff's failure to hire claim.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 16) is GRANTED in part and DENIED in part.

SO ORDERED.

Dated: June 12, 2011
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court