UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERTA GAINER

                Plaintiff,

    v.

UNITED AUTOMOBILE, AEROSPACE, AGRICULTURAL IMPLEMENT WORKERS (UAW) REGION 9 and GENERAL MOTORS DEPARTMENT OF UAW,

                Defendants.

**DECISION AND ORDER**
08-CV-501S

## I. INTRODUCTION

On July 18, 2013, the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, filed a Report and Recommendation to grant Plaintiff's motion for leave to file a Second Amended Complaint, except to the extent that the proposed complaint asserted retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., and the New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq*. (Docket No. 83.) Both Plaintiff and Defendants timely filed objections to the Magistrate Judge's report. (Docket Nos. 84, 86.) Also before this Court is Plaintiff's Motion for Clarification of a June 13, 2011 Decision and Order that partially dismissed the first Amended Complaint. (Docket Nos. 21, 85.) These motions are fully briefed and this Court finds oral argument unnecessary.

## II. BACKGROUND

In order to properly assess the arguments currently before this Court, it is necessary to review the evolution of the named Defendants in this case. Plaintiff commenced this action in July 2008 with a *pro se* preprinted civil discrimination complaint against "United Automobile Aerospace Agricultural Implement Workers (UAW) Region 9." (Docket No. 1.)

Plaintiff's first Amended Complaint in May 2009, also on a preprinted form, changed the caption to read " . . . Agricultural Implement Workers (UAW) Region 9 and General Motors Dep[artment] of UAW." (Docket No. 13.) Plaintiff alleged therein that she was "employed by General Motors working for the Int[ernational] United Automobile Aerospace and Agricultural Implements Workers of America (UAW) Region 9, as a Special Assigned Internationally Appointed Representative." (Id.) She claimed that she had consistently applied for a position as an International Representative in favor of Caucasian applicants. (Id.) Notably, although she listed separate addresses for Region 9 and General Motors Department of UAW, she treated them as one entity. She alleged retaliation by only "the UAW" in that, since filing her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), she "suffered retaliation from the UAW, a significant change in job assignment, and a reduction 33% in pay." (Id.)

An opposition was filed on behalf of "Defendant United Automobile, Aerospace, Agricultural Implement Workers (UAW), Region 9" on the ground that the Amended Complaint could not be filed as of right and no leave was obtained. (Docket No. 14.) The affirmation of defense counsel does not recognize the addition of a new defendant, but instead states that the "only substantive change is the addition of a charge of retaliation against Defendant." (Docket No. 14 ¶ 16.) This Court also treated the proposed Amended Complaint as being filed against a single defendant, and subsequently ordered "Defendant" to answer. (Docket No. 15.)

Defendant UAW Region 9 then moved to dismiss the Amended Complaint in October 2009. (Docket No. 16.) UAW argued that Plaintiff was not and had never been a UAW employee, but instead was employed (as Plaintiff herself alleges) by General

Motors. (Docket No. 16-4 at 3.) The position she held, a Special Assigned Representative, was created by the governing collective bargaining agreement between UAW and General Motors, and was also "established, controlled, administered and eliminated" by "the 'UAW-GM Center for Human Resource' or 'CHR,' a jointly administered Taft-Harley fund[1] that is a separate and distinct entity from either the UAW or General Motors." (Id.) Because UAW was not Plaintiff's employer, her asserted failure to promote claims should be treated as alleging the failure to hire. (Id. at 5.)

In her opposition to this motion to dismiss, Plaintiff more clearly lists the defendants as UAW Region 9 and "United Automobile Aerospace and Agricultural Implement Workers (UAW) General Motors Dep[artment]." (Docket No. 18.) Despite this label, her submission discusses her selection and hiring by the UAW-GM CHR, which she also describes as a separate legal entity from either UAW or General Motors. (Id. at 3-4.) Plaintiff alleges, however, that her selection for this "Special Assigned" position required a referral by a UAW Regional Director and approval from the UAW Vice President of the General Motors Department. (Id. at 4.) She then applied for positions with UAW for the UAW International Representative position, and filed a complaint with the EEOC because she was consistently passed over in favor of Caucasian male applicants. (Id.)

Plaintiff also presented a fuller factual description of her retaliation claim. She alleged that:

> On December 9, 2008, I met with Region 9 Director Joe Ashton at the request of Mr. Ashton. . . . During the meeting Mr. Ashton stated that the

---

[1]Taft-Hartley Funds are "welfare and benefit funds established for the benefit of the union's members," and "are administered jointly by employer-designated trustees and union-designated trustees." Levy v. Local Union Number 810, 20 F.3d 516, 517-18 (2d Cir. 1994) (citing 29 U.S.C. § 186(c)(5)(B)).

UAW GM Department would be doing some reductions of UAW Special Assigned. He said he did not think that his Region would be affected since he had only two UAW Special Assigned employees in UAW Region 9.

Mr. Ashton stated that when completing the questionnaire regarding me, he did not know how to answer Question # 4 on the questionnaire since I was suing the UAW. Question #4 on the Special Assigned Evaluation . . . asks, "How would you rate their attitude toward the UAW?"

I indicated to Mr. Ashton that I loved my union and that my service over the past 28 years reflected my dedication and commitment to the principles and values of the organization. There was nothing on the evaluation that measures my job performance as a UAW Special Assigned. Mr. Ashton asked me to think about our conversation over the Christmas break; and that he did not have to turn in the evaluation until February 2009 at the UAW Board Meeting.

. . . On January 22, 2009 I sent a follow-up letter to Mr. Ashton concerning our December 9, 2008 meeting. I reiterated my overall job performance and accomplishment during the time I was UAW Special Assigned.

On February 9, 2009, I received corresponden[ce] from Mr. Ashton thanking me for my service to the membership. On February 10, 2009, I was told that my UAW Special Assigned position had ended and I was to return back to [General Motors Tonawanda plant].

(Id. at 6-7.) Plaintiff argued at that time that, although "Defendant states I have never been an employee of the UAW," she was "an employee of the UAW-GM CHR which the UAW was a joint partner; and controlled the conditions of [her] employment." (Id. at 13.)

In a reply memorandum, UAW argued that the retaliation claim should be dismissed because Plaintiff did not dispute that she was "never an employee of the UAW or Region 9." (Docket No. 20 at 2.)

The June 13, 2011 Decision and Order listed "United Automobile, Aerospace, Agricultural Implement Workers (UAW), Region 9, General Motors Department of UAW" as the singular defendant at issue, and referred to that defendant throughout as simply "UAW" or "the Union." (Docket No. 21.) This Court granted in part and denied in part the

4

motion to dismiss the Amended Complaint. (Docket No. 21.)  The claim for failure to promote was dismissed because "[t]here is no allegation that UAW was Plaintiff's employer at any point in time." (Docket No. 21 at 8.)  Similarly, Plaintiff's retaliation claim was dismissed on the ground that "Plaintiff does not allege that she was an employee of UAW." (Id. at 9.)  The Court also considered whether Plaintiff had stated a claim against UAW as her labor union, but found that there was no allegation "that the Union breached its duty of fair representation, but rather that the Union retaliated against her for filing a lawsuit by eliminating her position."  (Id. at 8-9.)

On June 27, 2011, an answer was filed by defense counsel on behalf of "Defendants [sic], the United Autoworkers Aerospace and Agricultural Implement Workers (UAW) Region 9 and UAW-GM Center for Human Resources, presumed to be referenced in the Amended Complaint as 'General Motors Department of UAW.'" (Docket No. 22.)

On July 8, 2011, Plaintiff, still proceeding pro se,[2] filed a motion for reconsideration of this Court's dismissal of the retaliation claim. (Docket No. 25.) She argued that the UAW shared a " 'dual employer relationship' with General Motors." (Id. at 7.)  Further, although the "UAW-GM CHR is a separate and distinct entity from the labor union UAW and the company GM," it was "a joint venture" between those organizations. (Id. at 7-8.)  She asserted that UAW-GM CHR's Board of Trustees was comprised of an equal number of representatives from each organization. (Id. at 8.)  The motion for reconsideration was denied on August 9, 2011. (Docket No. 27.)

---

[2]Plaintiff subsequently obtained and dismissed counsel. (Docket Nos. 28, 29, 49, 55.)  No submissions on the merits were filed on behalf of Plaintiff while she was represented by counsel.

Almost a year later, following a July 13, 2012 status conference, Judge McCarthy ordered the parties to "continue to confer in [an] attempt to reach agreement as to the identity of the proper defendants. If the parties are unable to reach an agreement, they shall file an appropriate motion." (Docket Nos. 57, 58.) Plaintiff then moved to amend the caption on August 6, 2012 to reflect that the defendants were UAW; Calvin Rapson, UAW Vice President, GM Dept.; and UAW-GM Center for Human Resources as Defendants. (Docket No. 60.) The next day Plaintiff also filed a second motion for reconsideration or clarification of the June 13, 2011 Decision and Order. (Docket No. 61.) The motion to amend the caption was denied on the ground it sought to add additional defendants, which was more appropriately done by way of a motion to amend the complaint. (Docket No. 70.) The motion for reconsideration was also denied on the ground that Plaintiff failed to establish cause for this Court to reconsider its earlier decision. (Docket No. 71.)

Plaintiff filed a motion seeking leave to file a Second Amended Complaint on December 14, 2012. (Docket No. 76.) The following causes of action are alleged therein:

1.   a Title VII failure to hire claim based on race against Defendant UAW Region 9;

2.   a Title VII failure to hire claim based on gender against Defendant UAW Region 9;

3.   a New York State Human Rights Law ("NYSHRL") failure to hire claim based on race against Defendant UAW Region 9;

4.   a NYSHRL failure to hire claim based on gender against Defendant UAW Region 9;

5.   a Title VII retaliation claim against Defendant UAW Region 9;

6.   a NYSHRL retaliation claim against Defendant UAW Region 9;

6

7.   a Title VII claim that Defendant UAW Region 9 engages in discriminatory hiring practices that have an adverse impact on African American males and females;

8.   a NYSHRL claim that Defendant UAW Region 9 engages in discriminatory hiring practices that have an adverse impact on African American males and females;

9.   a Title VII claim that Defendant UAW Region 9 engages in discriminatory hiring practices that have an adverse impact on African American females;

10.   a NYSHRL claim that Defendant UAW Region 9 engages in discriminatory hiring practices that have an adverse impact on African American females;

11.   a Title VII retaliation claim against "Defendant General Department of UAW, Co-Director, UAW-GM CHR";

12.   a NYSHRL retaliation claim against "Defendant General Department of UAW, Co-Director, UAW-GM CHR."

(Proposed Sec. Amend. Compl. at ¶¶ 80-95, Docket No. 76-1.)

In this motion for leave, which is the subject of the present Report and Recommendation before this Court, Plaintiff argues that leave was necessary to correct a mistake regarding the proper identity of the defendant. (Docket No. 78 at 2.) "In this instance, General Motors Department of the UAW and the UAW-GM CHR are the same corporate entity and is the covered entity for purpose of Title VII." (Id. (capitalization altered).) Plaintiff further argues that Defendants recognized this mistake in their submissions, and in fact they have used the names 'General Motors Department of the UAW' and 'UAW-GM CHR' interchangeably. (Id. at 3.) In light of her prior attempts to cure her mistake and the fact that she is proceeding *pro se*, Plaintiff contends that she did not wait two years to raise this issue and granting leave to file a new amended complaint would not prejudice Defendants. (Id. at 5.)

Defendants oppose the motion, arguing that the amendments would be futile, unfairly prejudicial, and result in undue delay to an already protracted litigation. (Docket No. 79 at 3.) They criticize Plaintiff's "incorrect assumption that '[t]he General Motors Department of UAW and the UAW-GM CHR are the same entity in this matter' " on the ground that Plaintiff has previously described the UAW-GM CHR as a distinct separate legal entity from either the UAW or General Motors. (Docket No. 79 at 3.) Defendants further argue that Plaintiff's Title VII retaliation claims have already been dismissed by this Court, and the rationale for that dismissal necessitates the same conclusion with respect to her NYSHRL retaliation claims. (Id. at 4.) Further, because Plaintiff failed to include the "new proposed defendant [UAW-GM] CHR" in her complaint to the EEOC, the claims against this defendant "are outside this [C]ourt's jurisdiction." (Id. at 5.) Moreover, the addition of another defendant would, it is argued, cause undue delay because it would require the reopening of discovery, resulting in prejudice to Defendants. (Id. at 10-13.)

In her reply, Plaintiff asserts that there will be no prejudice to Defendants from the filing of a Second Amended Complaint where Defendants themselves requested clarification of who the intended parties are. (Docket No. 80 at 2.) Specifically, Defendants' attorney told Plaintiff that it was his belief that the intended parties in this lawsuit are UAW/UAW Region 9 and UAW-GM Center for Human Resources; and that a department of an entity is not a proper defendant in a lawsuit. (Id.)

Plaintiff also reiterates her argument that the UAW-GM CHR is not a new defendant, arguing that "[e]ven the most astute lawyer would have difficulty naming the Defendants and the relationships of the parties as it pertains to this lawsuit." (Id. at 3, 7.) Finally, Plaintiff argues that there will be no prejudice to Defendants as a result of the new

8

complaint because discovery has been held in abeyance by the Court, and "there are no changes to parties, claims or theory of Plaintiff's case that would warrant a drastic change of direction on the part of the Defendants; as a matter of fact it would provide clarity and allow the case to move forward." (Id. at 7-8.)

In his Report and Recommendation, Judge McCarthy found that the prior dismissal of the retaliation claim in the June 2011 Decision and Order was with prejudice, and therefore the retaliation claims asserted in the proposed new complaint were barred by the law of the case doctrine. (Docket No. 83 at 8-9.) In so concluding, the Magistrate Judge highlighted Plaintiff's concession that "the General Motors Department of UAW, Co-Director, UAW-GM center for Human Resources is *not* a new Defendant in this matter. It is synonymous to the second defendant, General Motors Department of UAW named in Plaintiff's Amended Complaint." (Id. at 8 (emphasis in original).) Judge McCarthy further concluded that, in the alternative, leave to amend should be denied because the motion failed to comply with the scheduling order for such motions. (Id. at 9; see Docket No. 31 (case management order directing that motions to add new parties or amend the pleadings be filed by October 17, 2011).) Plaintiff's argument that she was hindered by her *pro se* status was rejected because "she was represented by counsel during much of the relevant time period, including prior to the expiration of the deadline for amendment of the pleadings." (Docket No. 83 at 11.) Judge McCarthy further recommended that the balance of Plaintiff's motion for leave to amend be granted because "[D]efendants' opposition to [P]laintiff's motion only addresses the proposed retaliation claims." (Id. at 12.)

Following the filing of Judge McCarthy's Report and Recommendation, both Plaintiff and Defendants timely filed objections. (Docket Nos. 84, 86.) Plaintiff also filed another

motion for clarification of this Court's June 13, 2011 Decision and Order, specifically seeking clarification as to whether that decision "view[ed] the motion to dismiss as coming from one defendant or two." (Docket No. 85.)

## III. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may hear and submit a report and recommendation on any dispositive motion before the Court.[3] A de novo determination will be made by the district judge on those portions of the report to which objections are timely made. See 28 U.S.C. § 636(b)(1)(C). Further, the decision to grant or deny a motion for clarification is within the sound discretion of a district court judge. American ORT, Inc. v. ORT Israel, No. 07 Civ. 2332 (RJS), 2009 WL 233950, *3 (S.D.N.Y. Jan. 22, 2009).

### A.      The Retaliation Claims

The argument raised in Plaintiff's second objection is the same as that raised in her motion for clarification of the prior June 13, 2011 Decision and Order. Plaintiff argues that this prior decision dismissed the retaliation claims as against only defendant UAW Region 9, and therefore, contrary to Judge McCarthy's recommendation, she is not precluded by the law of the case from raising retaliation claims with respect to Defendant General Motors Department of UAW. Plaintiff's fourth, seventh and eighth objections similarly pertain to

---

[3]Plaintiff's argument that the Magistrate Judge erred in considering the motion to amend as dispositive is without merit where resolution turned on whether the amendment would be futile. See Luvata Buffalo, Inc. v. Lombard General Ins. Co. of Cananda, No. 08-CV-34(A)(M), 2010 WL 826583, *7 n. 5 (W.D.N.Y. Mar. 4, 2010), *report and recommendation adopted by* 2010 WL 1292301 (W.D.N.Y. Mar. 29, 2010); Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 632 (E.D.N.Y. 1997). In any event, there would be no prejudice where review of objections to a report and recommendation are *de novo*, but this Court's review of a decision within the Magistrate Judge's authority is limited to where the order is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b).

the dismissal of her proposed retaliation claims.  The resolution of this argument is not exactly straight-forward.

Plaintiff asserts that her first Amended Complaint in May 2009 added "a new defendant General Motors Department of UAW to the lawsuit and a new claim of Retaliation charges against both Defendants alleging that they collectively retaliated against her because she filed a complaint against defendant UAW Region 9." (Docket No. 84 at 4.)  She argues that the motion to dismiss was brought on behalf of only UAW Region 9, and therefore her retaliation claim survived against the second defendant.  As noted above, however, although she added the words "General Motors Department of UAW" to this first Amended Complaint, her factual assertions alleged retaliation against only "the UAW." (Docket No. 13.)  Indeed, because her amended complaint appeared to be against the UAW and a department within the UAW, there was nothing to indicate that these entities could have been properly considered separate and distinct from one another. As such, neither defense counsel nor this Court recognized a second defendant. (See Docket No. 14 ¶ 16 (defense counsel argued the "only substantive change is the addition of a retaliation claim against Defendant"; Docket No. 15 (Court directed "Defendant" to answer).)  Thus, although the Court dismissed the retaliation claim against a single defendant, that defendant consisted of both UAW and its General Motors department.

Further, even if the General Motors Department of UAW is in fact independent of the larger labor organization and/or synonymous with the UAW-GM CHR, a new retaliation claim against these entities would fail.  The only factual allegations supporting a retaliation claim remain centered on the conduct of UAW *Region 9* Director Joe Ashton.  Accordingly, there are no factual allegations to support a separate retaliation claim against General

Motors Department of UAW/UAW-GM CHR, and no error in Judge McCarthy's dismissal of the eleventh and twelfth causes of action for retaliation against this defendant based on his interpretation of the June 13, 2011 Decision and Order.

As Judge McCarthy correctly noted, absent reconsideration by this Court, the dismissal of the retaliation claim against UAW Region 9 remains the law of the case. See generally Sanders v. Sullivan, 900 F.2d 601, 605 (2d Cir. 1990) (absent compelling reasons, a court adheres to its own decision at an earlier stage of the litigation); VanBrocklen v. Dep't of Homeland Sec., No. 1:12-CV-003(GTS/ATB), 2012 WL 2873373, *3 (N.D.N.Y. July 12, 2012)(a dismissal pursuant to Rule 12(b)(6) is presumed to be with prejudice unless otherwise specified). However, in light of the ongoing confusion regarding the identity of the proper defendants in this action, as well as the review of the record in light of the more specific allegations in Plaintiff's proposed Second Amended Complaint, this Court finds it appropriate to reconsider the dismissal of the retaliation claim against UAW Region 9. See Fed. R. Civ. P. 54(b) (a court may revise an interlocutory order at any time prior to the entry of final judgment); Sanders, 900 F.2d at 605 (reconsideration to correct clear error or prevent manifest injustice within the discretion of the court).

Confusion has consistently existed over the question of the 'proper defendants' in this action since defense counsel asserted that the answer to the first Amended Complaint, filed after this Court's June 2011 Decision and Order, was on behalf of "Defendants, the United Autoworkers Aerospace and Agricultural Implement Workers (UAW) Region 9 and UAW-GM Center for Human Resources, presumed to be referenced in the Amended Complaint as 'General Motors Department of UAW.'" (Docket No. 22 (answer filed June 27, 2011.) Resolution of this issue remained elusive a year later when Judge McCarthy

ordered the parties to "continue to confer in [an] attempt to reach agreement as to the identity of the proper defendants." (Docket No. 58.) Nonetheless, defense counsel continued to file joint submissions on behalf of UAW Region 9 and UAW-GM Center for Human Resources until Plaintiff's current motion for leave to file a Second Amended Complaint. (See Answer, Docket No. 22; Decl. of Robert L. Boreanaz, Esq., ¶ 1, Docket No. 53; Defs' Mem of Law in Opp'n to Pl's Second Motion for Reconsideration at 2, Docket No. 67.) Defense counsel asserts for the first time in opposition to this motion that the defendants are in fact UAW Region 9 "and General Motors Department of UAW (collectively, 'Defendants')." (Docket No. 79 at 2.) In direct contrast to the earlier submissions, Defendants now assert that it is *Plaintiff* who is making the "incorrect assumption that '[t]he General Motors Department of UAW and the UAW-GM CHR are the same entity in this matter.'" (Id. at 3 (quoting Pl's Mem of Law at 3, Docket No. 78).)

Notably, the fact that defense counsel appears to represent the nominal defendants UAW Region 9, the General Motors Department of UAW, and the UAW-GM CHR interchangeably raises the question whether, for practical purposes, these entities are in fact distinct. At minimum, however, Plaintiff's proposed Second Amended Complaint cannot be interpreted, as now argued by Defendants, as proposing to add UAW-GM CHR as a 'new' defendant. (Def's Mem of Law in Opp'n at 11, Docket No. 79.) Plaintiff instead seeks to clarify the relationship between UAW Region 9, the General Motors Department of UAW, and the UAW-GM CHR. More specifically, the current proposed complaint, as well as her prior multiple requests for clarification or reconsideration, indicates that what Plaintiff has been attempting to do, but perhaps without the legal acumen to appropriately state, is not to add a new defendant but instead to define UAW Region 9 as a "joint

employer." (See Pl's Opp'n to Def's Motion to Dismiss at 13, Docket No. 18 (arguing that she was an employee of the "UAW-GM CHR [in] which the UAW was a joint partner; and controlled the conditions of [her] employment); Pl's Affirm. in Support of her Motion for Reconsideration at 3, Docket No. 25 (arguing that the UAW shared a " 'dual employer relationship' with General Motors"); Pl's Mem of Law in Support of her Second Motion for Reconsideration at 2, Docket No. 61 (arguing that the capacity in which General Motors Department of UAW was operating "was that of a 'joint employer' of the UAW-GM Center for Human Resources"); Pl's Mem of Law in Support of Leave to Amend at 2, Docket No. 78 (arguing that General Motors Department of UAW and UAW-GM CHR "are the same corporate entity and is the covered entity for purposes of Title VII" (capitalization altered).) Indeed, Defendants recognize the possibility of just such a theory in their opposition to the motion for leave. (See Docket No. 79 at 6.)

Missing from the review of Plaintiff's prior submissions, all of which have been submitted *pro se* despite the brief appearance of counsel, is consideration of the fact that "[t]he definition of 'employer' has been construed liberally for Title VII purposes and does not require a direct employer/employee relationship." Lima v. Addeco, 634 F. Supp. 2d 394, 399 (S.D.N.Y.2009) (internal quotation marks omitted), *aff'd*, 375 Fed. App'x 54 (2d Cir. 2010); see St. Jean v. Orient-Express Hotels Inc., – F. Supp. 2d –, 2013 WL 4049982, *4 (S.D.N.Y. 2013) "Instead, the term is to be viewed functionally, to encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an employee's compensation or terms, conditions, or privileges of employment." Lima, 634 F. Supp. 2d at 399. Thus, an employment discrimination claim may also be maintained

against a joint employer. <u>Arculeo v. On-Site Sales & Marketing, LLC</u>,  425 F.3d 193, 198

(2d Cir. 2005); <u>Lima</u>, 634 F. Supp. 2d at 400.

> Where this doctrine is operative, an employee, formally employed by one
> entity, who has been assigned to work in circumstances that justify the
> conclusion that the employee is at the same time constructively employed by
> another entity, may impose liability for violations of employment law on the
> constructive employer, on the theory that this other entity is the employee's
> joint employer.

<u>Arculeo</u>,  425 F.3d at 198.

Plaintiff's factual allegations, particularly the more specific allegations in the

proposed Second Amended Complaint, assert just such a scenario.  Although a General

Motors employee, she worked for UAW Region 9 as a Specially Assigned Representative.

(Docket Nos. 1, 13.)  Specifically, she worked for the UAW-GM CHR, an entity governed

by an equal amount of representatives from the General Motors Department of UAW and

General Motors LLC. (Proposed Sec. Amend. Compl. ¶¶ 24-25, 30-34, Docket No. 76-1.)

Plaintiff's wages, fringe benefits and business expenses were paid by UAW-GM CHR, and

her "work assignments, hours, compensation, vacation approvals and any other day to day

activities during the relevant time period were exclusively controlled by the UAW Co-

Director of UAW-GM CHR or by an authorized UAW designee." (<u>Id</u>. ¶¶ 38-41.)  Her

performance in this position was evaluated by Region 9 Director Joseph Ashton. (Proposed

Sec. Amend. Compl. ¶¶ 58-59, 61-68, 71-74; <u>see also</u> Docket No. 18.)

Notably, Defendants' submissions also support a conclusion that a joint employer

theory should be considered.  In his affidavit, UAW Region 9 Assistant Director Kevin

Donovan averred that Plaintiff's position was the result of the collective bargaining

agreement between the UAW and GM, and her position "is one that is appointed by the

UAW Vice President responsible for General Motors." (Donovan Aff. ¶ 4, Docket No. 16.) Another UAW Region 9 Assistant Director, Scott Adams, similarly averred that the collective bargaining agreement "provides for the establishment and funding" of the UAW-GM CHR, which "is administered by a Board of Trustees assembled from an equal number of representative from GM and the UAW." (Adams Aff. ¶¶ 4-8, Docket No. 16.) Indeed, Defendants concede that the UAW-GM CHR is "a *jointly administered* Taft-Harley fund." (UAW Region 9's Mem of Law in Support of the Motion to Dismiss the Amend. Compl. at 3, Docket No. 16-4 (emphasis added).)

Thus, contrary to Defendants' contention (Docket No. 79 at 6), there are sufficient facts alleged to support a conclusion that Plaintiff, although a General Motors employee, was at the same time constructively employed by UAW for the purposes of Title VII. Arculeo, 425 F.3d at 198. Accordingly, the fact that the parties agree that UAW Region 9 and UAW-GM CHR are legally distinct entities is of no moment. Id. (a conclusion that employers are 'joint' assumes that they are legally separate and distinct). Indeed, the only relevant defendant is UAW Region 9, the defendant previously named in Plaintiff's EEOC charges.

This Court, acknowledging that this will be a reversal of its earlier decisions, is therefore inclined to grant Plaintiff's objections on this issue and permit the inclusion of the retaliation claims in the Second Amended Complaint against UAW Region 9 on the ground that, through its joint participation in the UAW-GM CHR and through the alleged direct control of Plaintiff's employment by UAW supervisors, this Defendant is a joint employer

for the purposes of Title VII and NYSHRL.[4]  This would, of course, be without prejudice to

Defendant making an appropriate motion for dismissal or summary judgment on this issue.

**B.      Prejudice to Defendant(s)**

Reinstatement of the retaliation claim against UAW Region 9, although within this

Court's discretion, would be inappropriate without consideration of any prejudice to that

defendant.  In his report, Judge McCarthy recommended in the alternative that leave be

partially denied because Plaintiff failed to show good cause for her failure to file the motion

by the deadline imposed in the governing case management order. See Fed. R. Civ. P.

16(b)(4); Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009), *cert denied*, 131 S. Ct.

795 (2010) (lenient standard for amendment under Rule 15 should be balanced against

Rule 16's requirement that a scheduling order be modified only upon a showing of good

cause). This Court will grant Plaintiff's objection on this ground as well.  The Magistrate

Judge correctly notes that the motion was filed significantly later than the October 17, 2011

deadline in the case management order. (Docket No. 31.) Nonetheless, the continuing

confusion over the 'correct' defendants in this matter resulted in two separate court orders

advising or directing the *pro se* Plaintiff to move to amend the complaint. In October 2012,[5]

this Court denied Plaintiff's motion to amend the caption to include UAW-GM CHR on the

ground that the "proper avenue for the relief requested . . . is a Motion to Amend the

---

[4]This Title VII analysis is also applicable to the claims raised under New York State Human Rights Law, N.Y. Executive Law §§ 290 et seq. See Dawson v. Bumble & Bumble, 398 F.3d 211, 217 (2d Cir. 2005); Weinstock v. Columbia Univ., 224 F.3d 33, 42 n 1 (2d Cir. 2000), *cert denied*, 540 U.S. 811 (2003); compare with Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 277-78 (2d Cir. 2009)(claims under New York *City* Human Rights Law must be reviewed independently and more liberally than federal and *state* counterparts).

[5]Plaintiff's counsel had been dismissed prior to this time.

Complaint." (see Docket No. 70.) Shortly thereafter, Judge McCarthy ordered Plaintiff to submit a proposed Second Amended Complaint naming any new defendants, along with an explanation as to why those defendants would be proper, and issued a briefing schedule on that proposed complaint. (Docket Nos. 72, 75.) Dismissal of the *pro se* Plaintiff complaint on the failure to comply with the case management order alone is therefore not warranted.

The more relevant question is whether Defendant UAW Region 9 will be prejudiced by the reintroduction of these claims at this stage. In opposing Plaintiff's motion for leave to amend, Defendants argued that they would be prejudiced by "the addition of a new party (CHR) and the re-opening of discovery." (Docket No. 79.) Little weight is afforded to this argument. As noted above, UAW-GM CHR is not a new party where defense counsel has been filing submissions on its behalf for well over a year. Moreover, under the joint employer theory, it is UAW Region 9 itself that is allegedly liable for retaliation, not any new party.

Discovery in this matter is also not yet complete. (See Docket No. 74 (Judge McCarthy's order indicating that the issue of the Second Amended Complaint would be resolved prior to addressing any other discovery disputes).) Even if it were, the retaliation claim focuses on the actions of UAW Region 9 Director Joseph Ashton, who has already been disclosed as someone knowledgeable of the facts and circumstances of Plaintiff's non-selection. (Docket No. 36.) The Court finds that Defendants will not be unduly prejudiced, nor will this litigation be unduly delayed, by the reinstatement of the Title VII and NYSHRL retaliation claims. See Miller v. Selsky, 234 F.3d 1262, 2000 WL 1727880

(2d Cir. Nov. 21, 2000) (denial of amendment on ground that the formerly *pro se* plaintiff failed to seek leave until after remand from the Second Circuit was an abuse of discretion).

## C.     Duplicative Claims

In their objection, Defendants argue that the Magistrate Judge erred in failing to dismiss Plaintiff's seventh, eighth, ninth, and tenth causes of action alleging adverse impact from discriminatory hiring practices as duplicative of her failure to hire claims. (Docket No. 86.) Although Defendants are correct that 'disparate treatment' and 'disparate impact' are simply two different theories under which Plaintiff may seek recovery for employment discrimination under Title VII and NYSHRL, she is entitled to plead them in the alternative. Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992) (citing Wright v. Nat'l Archives & Records Serv., 609 F.2d 702, 710-11 (4th Cir. 1979)); see generally District Council 37, Am. Fed. of State, County & Municipal Employees, AFL-CIO v. N.Y.C. Dept. of Parks & Recreation, 113 F.3d 347, 351 (2d Cir. 1997) (a disparate treatment claim alleges intentional discrimination against a member of a protected class, whereas a disparate impact claim alleges a facially neutral practice that falls more harshly on a protected group). Dismissal of the disparate impact claims as duplicative is therefore unwarranted at this time, and the objection is denied.

## IV. CONCLUSION

The Report and Recommendation is accepted in part and set aside in part. Plaintiff is permitted to file her proposed Second Amended Complaint with the exception of the Eleventh and Twelfth causes of action for retaliation against "Defendant General Motors Department of UAW, Co-Director, UAW-GM CHR." In light of the discussion above, these

would merely be duplicative of Plaintiff's retaliation claims against Defendant UAW Region 9.

## V. ORDERS

IT HEREBY IS ORDERED, that the portion of Judge McCarthy's Report and Recommendation (Docket No. 83) that denied Plaintiff leave to replead her retaliation claims against Defendant UAW Region 9 is SET ASIDE, and that the report is otherwise ACCEPTED;

FURTHER, that Plaintiff's Objections (Docket No. 84) are GRANTED in part and DENIED in part.

FURTHER, that Defendants' Objection (Docket No. 86) is DENIED,

FURTHER, that Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket No. 76) is GRANTED in part and DENIED in part, consistent with this Decision and Order;

FURTHER, the Plaintiff's Motion for Clarification (Docket No. 85) is DENIED as moot in light of this Court's rulings on her objections.

SO ORDERED.


Dated:    September 27, 2013
          Buffalo, New York


                                              /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                                 Chief Judge
                                        United States District Court