UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERTA GAINER,

                          Plaintiff,
      v.                                           **DECISION AND ORDER**
                                                            08-CV-501S

UNITED AUTOMOBILE AEROSPACE
AGRICULTURAL IMPLEMENT WORKERS
(UAW) REGION 9, ET AL.,

                          Defendants.

1.    On September 22, 2017, this Court accepted the Report and Recommendation filed by the Honorable Michael J. Roemer, United States Magistrate Judge, and denied Defendants' Motion for Summary Judgment in part and granted it in part. (Docket No. 244.) Specifically, this Court granted Defendants' request for summary judgment on Plaintiff's state and federal disparate-impact and retaliation claims, but denied their request for summary judgment on Plaintiff's state and federal failure-to-hire claims. (Id.)

2.    On October 20, 2017, Plaintiff filed a Motion for Reconsideration of this Court's Order accepting Judge Roemer's Report and Recommendation, under Rules 59 and 60 of the Federal Rules of Civil Procedure. (Docket No. 245.) Alternatively, Plaintiff seeks entry of judgment on her state and federal disparate-impact and retaliation claims under Rule 54 so that she can file an immediate appeal to the United States Court of Appeals for the Second Circuit. (Id.) Defendants oppose reconsideration. For the following reasons, Plaintiff's motion is denied in its entirety.

3. A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

4. The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

5. Upon consideration of Plaintiff's motion, this Court is not convinced that its September 22, 2017 Order must be revisited. Plaintiff requests that this Court reconsider its ruling granting summary judgment to Defendants on her retaliation claims, but she has not persuasively alleged any of the three circumstances under which reconsideration may be warranted. See Virgin Atl. Airways, 956 F.2d at 1255. Instead, she simply reargues and reiterates her objections to Judge Roemer's Report and Recommendation. These arguments have already been raised, considered, and rejected.

6. Plaintiff is obviously dissatisfied with this Court's decision to accept Judge Roemer's Report and Recommendation. But use of a motion to reconsider as a vehicle to reargue a case is improper. See Nossek, 1994 WL 688298 at *1; United States v. Chiochvili, 103 F. Supp. 2d 526, 530-31 (N.D.N.Y. 2000) (reargument is not a proper basis for a motion to reconsider); Schonberger, 742 F. Supp. at 119 ("the provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided"). Accordingly, reconsideration is denied.

7. Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Relief can also be granted to "correct a clear error or prevent manifest

injustice." Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl., 956 F.2d at 1255).

8. The existence of new evidence may also justify reconsideration. See Virgin Atl., 956 F.2d at 1255. The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). The decision to grant a Rule 59(e) motion is within the sound discretion of the court. New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

9. Here, although Plaintiff's motion is timely, she points to no persuasive matters or controlling caselaw that this Court overlooked, and there is no clear error or manifest injustice in this Court's Order. Plaintiff simply seeks to relitigate her unsuccessful positions. For these reasons, Plaintiff's motion under Rule 59 is denied.

10. This Court also considers Plaintiff's motion under Rule 60. Rule 60 (b) enumerates certain circumstances under which a district court may relieve a party from a final judgment, including (1) mistake, inadvertence, surprise, or excusable neglect, and (2) any other reason that justifies relief. Fed. R. Civ. P. 60 (b)(1) and (6). Generally, a Rule 60 (b) motion should be granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").

4

11. When evaluating a Rule 60 (b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. Thus, the Second Circuit has set forth a three-prong test that must be satisfied for a Rule 60 (b) motion to succeed: "(1) there must be 'highly convincing' evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party." Esposito v. New York, No. 07 Civ. 11612, 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing Kotlicky v. United States Fid. Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). The decision to grant relief under Rule 60 (b) is left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

12. Here again, Plaintiff does not meet the high standard for relief under Rule 60. No extraordinary circumstances are presented; no mistakes have been made; and no highly convincing evidence warranting a change in this Court's decision has been submitted. Moreover, no final judgment has been entered. Consequently, Plaintiff's motion under Rule 60 is denied.

13. Finally, this Court finds that Plaintiff's alternate request for entry of judgment on her dismissed claims should be denied. Under Rule 54 (b), a court may direct entry of a final judgment as to one or more (but not all) claims, if the court expressly determines that there is no just reason for delay. To grant a motion under Rule 54 (b) "(1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. §

1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." Info. Res., Inc. v. Dun and Bradstreet, Corp., A.C., 294 F.3d 447, 451 (2d Cir. 2002) (quoting Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1092 (2d Cir. 1992)).

14. Rule 54 (b) "provides an exception to the general principle that a final judgment is proper only after all claims have been adjudicated." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991). The decision whether to enter a final judgment under Rule 54 (b) is "committed to the discretion of the district court." Id. But the Second Circuit has cautioned that a district court's power under Rule 54 (b) should be exercised "sparingly," Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997)(citation omitted), and that the court should provide a "brief, reasoned explanation" for its decision on such a motion. Harriscom, 947 F.2d at 629.

15. Here, this Court finds nothing unusual about the circumstances of this case that warrant departure from the general rule that final judgments be entered only after all claims have been adjudicated. While Plaintiff's desire to immediately pursue her appeal and defer trial is understandable, the interests of judicial economy and continuity counsel in favor of entering final judgment in the district court once all claims have been resolved. Plaintiff has therefore not sufficiently established that there is "no just reason for delay" or that entry of final judgment would be "in the interest of sound judicial administration." Ginett, 962 F.2d at 1092. Entry of a final judgment under Rule 54 (b) is therefore denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 245) is DENIED.

SO ORDERED.


Dated:   December 12, 2017
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge