UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERTA GAINER,

            Plaintiff,

  v.                                      **DECISION AND ORDER**
                                                     08-CV-501S

UNITED AUTOMOBILE AEROSPACE
AGRICULTURAL IMPLEMENT WORKERS
(UAW) REGION 9 and GENERAL MOTORS
DEPT. OF UAW,

            Defendants.

## I. INTRODUCTION

Plaintiff Roberta Gainer alleges in this employment action that Defendants discriminated against her based on her race and gender when they failed to hire her for an International Representative position with the UAW, in violation of Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law.

To succeed on these claims, Gainer must demonstrate that (1) she was a member of a protected class; (2) she applied, and was qualified for, an open position; (3) she was not hired for the position; and (4) she was not hired under circumstances giving rise to an inference of discrimination. See United States v. Brennan, 650 F.3d 65 (2d Cir. 2011). Assuming that this *prima facie* case is established, Defendants must then articulate some legitimate, non-discriminatory reason for not hiring Gainer, after which the burden falls back to Gainer to prove that Defendants' proffered reason is merely pretext for discrimination. See Weinstock v. Columbia Univ., 224 F.3d 33 (2d Cir. 2000).

Presently before this Court is Defendants' omnibus motion in limine. (Docket No. 275.) The motion is discussed and resolved below.

## II. DISCUSSION

Familiarity with the facts and underlying arguments raised in the motion in limine is presumed.

Motions in limine, when granted, operate to exclude inadmissible or prejudicial evidence before it is actually offered at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). This aids the trial process by narrowing evidentiary issues and decreasing trial interruptions. See Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). Evidence is excluded before trial only when it is clearly inadmissible on all grounds. United States v. Morel, 751 F. Supp. 2d 423, 428 (E.D.N.Y. 2010). A court faced with a motion in limine may defer decision to resolve the motion in context at trial or may resolve the motion and revisit the ruling if the trial evidence does not come in as expected. Id. (citing Luce, 469 U.S. at 41-42). But even if nothing unexpected occurs at trial, a court may revisit *in limine* rulings at any time in the exercise of its discretion. Luce, 469 U.S. at 41-42.

At the outset, this Court notes that several of Defendants' requests for preclusion are made in response to Gainer's summaries of her proposed witnesses' testimony. (See Docket No. 268.) In essence, Defendants challenge what they perceive as vague summaries by seeking broad preclusion of evidence falling outside of Gainer's failure-to-hire claims. For example, Defendants seek to preclude (1) evidence concerning broad allegations of discrimination, such as references to "pattern and practice" or

"discriminatory culture"; (2) evidence concerning specific instances of discrimination against UAW employees who are not similarly situated to Gainer; (3) evidence (direct or indirect) pertaining to Gainer's dismissed disparate impact and retaliation claims (including 15 specifically identified exhibits[1]); (4) evidence pertaining to non-specific allegations of race- or gender-based discrimination; and (5) evidence concerning UAW's alleged inconsistent or discriminatory hiring practices or other similar evidence. Defendants argue that these categories of evidence should be precluded under Rule 403 of the Federal Rules of Evidence because any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading of the jury, and undue delay.

Given the general nature and breadth of these requests, this Court lacks a sufficient basis to determine whether any type of preclusion is warranted. Suffice it to say, however, that evidence that is not relevant to Gainer's surviving failure-to-hire claims under Rule 402 will not be admitted, nor will evidence that's probative value is substantially outweighed by its prejudicial effect. Given the nature of workplace discrimination, evidence may arguably pertain to both the dismissed claims and the surviving failure-to-hire claims. Until specific evidence and testimony are offered at trial, this Court cannot properly determine admissibility under Rules 402 or 403. Defendants' motion in this regard is therefore denied subject to renewal at trial.

The next broad area concerns witnesses and exhibits. Defendants seek to

---

1 None of the exhibits referenced in Defendants' motion have been provided to this Court for review.

preclude 14 potential witnesses whom Gainer failed to timely disclose and for whom Gainer failed to provide Rule 26 disclosures and written reports. Defendants also seek to preclude 15 witnesses who were not properly identified and for whom Gainer failed to provide contact information. As to exhibits, Defendants seek to preclude undisclosed documents or any documents that do not contain a sequentially numbered stamp number.

Since the briefing of Defendants' motion in limine, this Court has addressed witness and exhibit issues, and counsel have worked together to facilitate additional depositions and discovery. (See, e.g., Docket Nos. 287, 298.) Gainer has also culled her witnesses from 37 to 18 individuals. (Compare Docket No. 299 with Docket No. 268.) Given these changed circumstances and Gainer's previous status as a *pro se* litigant, this Court will deny Defendants' witness- and exhibit-related requests without prejudice to the filing of an additional motion in limine if, after continued good-faith consultation between counsel, witness- or exhibit-related issues persist. For now, it is not in the interests of judicial economy for this Court to assess requests and arguments that may in fact be moot.

Defendants next seek to preclude testimony concerning the performance or qualifications of UAW's existing or potential employees on relevancy and prejudice grounds. Defendants speculate that any such testimony would lack foundation, be irrelevant, and unfairly prejudicial. Once again, Defendants appear to be defending against what they perceive to be a vague description of expected witness testimony. No specific expected testimony warranting preclusion is identified nor is there any basis for this Court to conclude that such testimony would suffer from the defects that Defendants

allege.  Other than to reiterate that testimony lacking proper foundation, relevancy, and probative value is generally inadmissible, this Court is not in a position to issue any specific rulings.  Assuming proper foundation and personal knowledge, however, testimony concerning employee performance and qualification may well be relevant and probative of Gainer's failure-to-hire claims, particularly as it relates to pretext.  Consequently, given the speculative nature of Defendants' request and their failure to demonstrate inadmissibility of this evidence under all circumstances, this request is denied.  See Morel, 751 F. Supp. 2d at 428 (noting that pretrial exclusion of evidence is warranted only when the evidence is clearly inadmissible on all grounds).

Next, Defendants seek to preclude any testimony concerning race- or gender-based derogatory remarks allegedly made by UAW employees, and in particular, a statement attributed to Scott Adams to the effect of "we have our minority and now we don't have to worry about her."  Defendants argue that any such testimony would constitute isolated, stray remarks whose probative value would be substantially outweighed by their prejudicial effect.   This Court, however, has previously identified this type of evidence as relevant to Gainer's claims through adoption of the Magistrate Judge's Report and Recommendation, which identified and discussed such evidence in recommending denial of Defendants' motion for summary judgment on Gainer's failure-to-hire claims.  (See Docket Nos. 227, 244.)  Without hearing the testimony in context, this Court cannot conclude at this time that its probative value is substantially outweighed by the danger of unfair prejudice.  Defendants' request for preclusion at this stage is therefore denied.

Defendants next seek to preclude any failure-to-hire allegations that pre-date 300 days before Gainer's EEOC charge on the basis that such evidence falls outside the applicable statute of limitations period and is therefore irrelevant. Defendants further argue that the probative value of such evidence would be substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading of the jury, and undue delay.

Gainer maintains that such evidence is admissible as background evidence and would support a continuing violation theory. But here, Gainer alleges discrete instances of failure-to-hire, not a continuing violation. As such, evidence concerning allegations outside the statute of limitations period is generally irrelevant and perhaps prejudicial. See Chin v. Port Auth. of N.Y. & N.Y., 685 F.3d 135, 157 (2d Cir. 2012). But Gainer is correct that evidence from that time period could be admissible as background evidence for her timely claims. Although Gainer has not identified the particular background evidence she may seek to offer, the possibility that a theory of admissibility may exist precludes granting Defendants' blanket request on this point. If Gainer intends to introduce such background evidence, she must alert this Court beforehand so that it can consider a proffer and determine admissibility outside the presence of the jury. Defendants' request to preclude failure-to-hire allegations from outside the statute of limitations period is otherwise granted under Rules 402 and 403.

Next, Defendants seek to preclude evidence purporting to contain statistical data or wage information that has not been authenticated, verified, or deemed reliable. Defendants have identified 18 such documents that allegedly contain hearsay and

6

irrelevant information and do not meet the requirements of Rule 901. While Gainer opposes the motion, the parties have not provided the documents at issue nor have they set forth their positions on a document-by-document basis, which is required for a pretrial ruling. Accordingly, this Court will deny Defendants' request for pretrial preclusion of these documents and will resolve any continuing objections at trial.

Finally, Defendants seek to preclude Gainer from introducing into evidence the transcript of a 1999 deposition of UAW representative Ron Gettlefinger, which was taken in unrelated litigation in Region 3, not Region 9. Gainer, however, maintains that Gettlefinger is unavailable to testify at trial and that his deposition testimony is highly relevant because it pertains to the qualifications required for an International Representative (IR) candidate, a point of contention in this litigation. At this point, it appears that Gettlefinger's deposition testimony is relevant and could possibly be used at trial, so long as Gainer offers it properly. Defendants' request for preclusion on relevancy grounds is therefore denied.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion in Limine is granted in part and denied in part, consistent with the foregoing decision.

## IV. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion in Limine (Docket No. 275) is GRANTED in part and DENIED in part.

SO ORDERED.

Dated:	September 13, 2019
		Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge